
RECEIVED
MAR 3 1 2006

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 02-20041-02<br>CIVIL ACTION NO. 05-1434 |
| VS. | JUDGE DOHERTY |
| ARTHUR J. GOINS | MAGISTRATE JUDGE METHVIN |

### REPORT AND RECOMMENDATION ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO §2255
*(Rec. Doc. 193)*

On August 18, 2005, petitioner Arthur J. Goins filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. §2255.[1] The United States filed an answer and memorandum.[2] For the following reasons, **IT IS RECOMMENDED** that Goins's motion be **DENIED AND DISMISSED WITH PREJUDICE.**

*Factual and Procedural Background*

On March 28, 2002, Goins was charged in 6 counts of a 24-count indictment, as follows:

Count 1: Conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base.[3]
Count 2: Conspiracy to distribute and possess with intent to distribute less than 50 kilograms of marijuana.[4]
Count 3: Distribution of cocaine base.[5]

---

[1] Rec. Doc. 193.

[2] Rec. Doc. 207.

[3] Violation of 21 U.S.C. §§846 and 841(b)(1)(A).

[4] Violation of 21 U.S.C. §§ 846 and 841(b)(1)(D).

[5] Violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C).

Count 5:    Possession with intent to distribute cocaine base.[6]
Count 7:    Possession of a firearm in furtherance of a drug-trafficking crime.[7]
Count 8:    Possession of a stolen firearm.[8]

On October 31, 2002, Count One was amended to reflect a quantity of "more than five grams of cocaine base" instead of "more than 50 grams of cocaine base."[9] Subsequently, during trial, several counts were re-numbered.[10] Ultimately, Goins went to trial on the following charges: Count 1 (conspiracy to distribute and possess with intent to distribute more than 5 grams of cocaine base); Count 2 (conspiracy to distribute and possess with intent to distribute less than 50 kilograms of marijuana); Count 3 (distribution of cocaine base); Count 4 (possession with intent to distribute cocaine base); Count 5 (possession of a firearm in furtherance of a drug-trafficking crime); and Count 6 (possession of a stolen firearm).

On November 7, 2002, after a jury trial, Goins was found guilty on Counts 1, 2, 3, 4, and 5. Goins was found not guilty on Count 6.[11] On April 14, 2003, the court sentenced Goins to a term of 63 months' imprisonment as to Counts 1, 3, and 4, and 60 months' imprisonment as to Count 2, the sentences to run concurrently. As to Count 5, the court sentenced Goins to 60 months' imprisonment, to run consecutively with the sentences imposed on the other counts.[12]

---

[6] Violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B).

[7] Violation of 18 U.S.C. §924(c)(1)(A).

[8] Violation of 18 U.S.C. §922(j). Count 24 also charged Goins with forfeiture.

[9] Rec. Doc. 136.

[10] Specifically, Count 5 was redacted to Count 4r, Count 7 was redacted to Count 5r, and Count 8 was redacted to Count 6r.

[11] Rec. Doc. 142.

[12] See Minutes of Sentencing, Rec. Doc. 153.

On April 6, 2004, the United States Court of Appeals for the Fifth Circuit affirmed Goins's conviction and sentence.[13] United States v. Goins, 93 Fed. Appx. 675 (5th Cir. 2004). Goins's petition for writ of certiorari was denied on October 4, 2004.[14]

### *Issues Presented*

On August 8, 2005, Goins filed the instant motion to vacate, set aside or correct sentence pursuant to §2255. Goins alleges that he was denied effective assistance of trial counsel on the following grounds: (1) failure to spend sufficient time in pre-trial consultation with him; (2) failure to adequately investigate the case prior to trial; (3) failure to properly cross-examine a key government witness; and (4) failure to properly advise him that his sentence on the firearm count would run consecutively to the sentences on the other counts.[15]

### *Scope of §2255 Review*

The scope of relief afforded under §2255 is extremely narrow. It is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992); United States v. Acklen, 47 F.3d 739, 741 (5th Cir.1995). "We apply this rigorous standard in order to ensure that final judgments command respect and that their binding effect does not last only until "the next in a series of endless post-conviction collateral attacks." United States v. Shaid, 937 F.2d 228, 231-232 (5th Cir.1991), *cert. denied*, 112 S.Ct. 978 (1992).

---

[13] Rec. Doc. 184.

[14] Rec. Doc. 186.

[15] Rec. Doc. 193.

Section 2255 provides four grounds for relief:

1. that the sentence violates the Constitution or other federal law;

2. that the court lacked jurisdiction;

3. that the sentence exceeded the maximum allowed by law; or

4. that the sentence is otherwise "subject to collateral attack."

Title 28 U.S.C. §2255.

Section 2255 does not contain an exhaustion requirement, but a petitioner may not collaterally attack a conviction until it has been affirmed on appeal absent exceptional circumstances. Fassler v. U. S., 858 F.2d 1016, 1019 (5th Cir. 1988) (*per curiam*). *See also* Section 2255 Rules, note 1, R. 5 advisory committee's note ("orderly administration of criminal law precludes considering such a motion absent exceptional circumstances").

Failure to raise a claim at trial or on appeal generally results in a waiver of the claim. U. S. v. Frady, 456 U.S. 152, 162-66 (1982). A defendant must show "cause" for his procedural default and "actual prejudice" resulting from the alleged error. Id. at 170-171; Shaid, 937 F.2d at 232. This "cause" and "prejudice" test must be satisfied even if the defendant alleges fundamental constitutional error. Murray v. Carrier, 477 U.S. 478, 493, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986).

### *Legal Analysis*[16]

To prevail on an ineffective assistance of counsel claim, a petitioner must establish two things: (1) his attorney's representation fell below an objective standard of reasonableness; and

---

[16] Both the petitioner and the government have set forth the factual background of this case in detail in their briefs. For this reason, the undersigned refers the reader to those briefs for a recitation of the facts and circumstances surrounding the petitioner's arrest and conviction.

(2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness. Id. at 688. The court's scrutiny shall be "highly deferential" and the court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689-90. See also Marler v. Blackburn, 777 F.2d 1007, 1010 (5th Cir. 1985).

The Strickland court further outlined the extent of prejudice that must be established by the defendant:

> * * * An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-65 (1981).
>
> * * * Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability exists if the probability is sufficient to undermine confidence in the outcome.
>
> * * * When a defendant challenges a conviction , the question is whether there is reasonable probability that absent the errors the fact-finder would have a reasonable doubt respecting guilt.

Strickland, supra, at pages 691, 694-95; see also Taylor v. Maggio, 727 F.2d 241 (5th Cir. 1984); U.S. v. Diaz, 733 F. 2d 371 (5th Cir. 1984). A *habeas* court must be careful not to second-guess legitimate strategic choices made by defense counsel which under the light of hindsight seem ill-advised and unreasonable. Sawyer v. Butler, 848 F. 2d 582, 587-88 (5th Cir. 1988).

In Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 122 Led.2d 180 (1993), the Supreme Court noted that an analysis based solely on an outcome determination, without

determining whether the result of the proceeding was fundamentally unfair or unreliable, was defective. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Id.* In Armstead v. Scott, 37 F.3d 202, 207 (5th Cir.), cert. denied, 514 U.S. 1071, 115 S.Ct. 1709, 131 L.Ed.2d 570 (1995), the Fifth Circuit stated that it reads Lockhart to require "a rather appreciable showing of prejudice," and further, "[i]f an appreciable showing of prejudice is required in the capital context, a requirement for a showing of significant prejudice applies *a fortiori* in the noncapital context." See also Spriggs v. Collins, 993 F.2d 85, 88 n.4 (5th Cir. 1993).

Because both Strickland factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." Strickland, 466 U.S. at 689-94.

1. **Pre-trial consultation**

Goins contends that his trial attorney did not spend sufficient time consulting with him prior to trial.

It is well-established in the Fifth Circuit that brevity of consultation time between a defendant and his counsel, without more, cannot support a claim of ineffective assistance of counsel. Mattheson v. King, 751 F.2d 1432, 1439 (5th Cir. 1985), citing Murray v. Maggio, 736 F.2d 279, 282 (5th Cir.1984). In Murray, the defendant alleged that his attorney spoke with him only once prior to trial for about twenty minutes. In finding that this scenario did not constitute ineffective assistance, the Murray court noted the following:

> Murray testified at the state post-conviction hearing that Fust visited him about a week and a half before trial. At this time Murray explained his version of what happened the evening of his arrest and gave Fust a list of potential witnesses. Murray testified that he discussed with Fust everything that he eventually testified to at trial. As we have mentioned above, this was not a complex case. The relevant facts could have easily been conveyed by Murray to Fust within the estimated length of their meeting. Murray has not shown what additional evidence could have been produced had additional conversations taken place. Similarly, Fust cannot be faulted for failure to discuss his defense strategy with Murray or his family.

736 F.2d at 283.

As in Murray, the facts of the instant case are not complex. On July 18, 2001, Goins was videotaped selling drugs to a co-defendant, Robert Guillory. On August 14, 2001, Goins was arrested after selling more drugs to Guillory. In a subsequent search of Goins's house, officers found both drugs and firearms. Goins does not specify how much time his attorney spent with him prior to trial, however a review of the record shows that the key facts and circumstances of the case could easily have been conveyed to trial counsel in a short amount of time. Furthermore, a review of the trial transcript shows that trial counsel knew the facts of the case in detail, he conducted thorough cross-examinations of the witnesses called by the government, and he called witnesses on behalf of Goins. Considering the foregoing, the undersigned concludes that this claim is without merit.

## 2. Pre-trial investigation and presentation of witnesses

Goins contends that his trial counsel failed to conduct an adequate pretrial investigation and failed to produce defense witnesses who would have testified that the guns found in his possession were for protection rather than drug-trafficking purposes.

### a. Pre-trial investigation

In Strickland, the Court addressed pretrial investigation as follows:

> ... [C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

466 U.S. at 691, 104 S.Ct. at 2066.

The Fifth Circuit has held that a defendant's failure to specify the evidence that such an investigation would have divulged, and why that evidence would have been likely to make a difference at either the trial or sentencing, is fatal to a claim for ineffective assistance of counsel for failure to investigate. See, e.g., Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994), citing United States ex rel. Partee v. Lane, 926 F.2d 694, 701 (7th Cir.1991), cert. denied, 502 U.S. 1116, 112 S.Ct. 1230, 117 L.Ed.2d 464 (1992) ("without a specific, affirmative showing of what the missing evidence or testimony would have been, 'a habeas court cannot even begin to apply Strickland's standards' because 'it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance.'"). It is also well-settled that counsel is not required to exhaustively investigate every possible piece of information in connection with a case prior to trial. As the court stated in Bryant v. Scott, 28 F.3d 1411, 1420 (5th Cir. 1994):

> We do not hold that the performance prong of Strickland always requires interview of every claimed eyewitness, alibi witness, and/or assertedly exculpating criminal co-participant. These matters ultimately depend on the overall context of the case. In this connection, we recognize that counsel does not have unlimited time and that counsel's judgment in the effective use of time is generally entitled to deference. Moreover, for example, the need to interview an eyewitness may in part depend on, among other things, the theory of defense;

similarly, results of interviewing certain witnesses or other investigation may indicate that further pursuit of additional asserted witnesses will likely be a waste of time.

In the instant case, Goins fails to specify what information that his trial counsel should have located or how it would have resulted in a different trial outcome, alleging only that "[p]etitioner . . . gave Counsel information that needed to be investigated." Although he specifically argues that counsel should have performed "a routine investigation of public records tracing the whereabouts and location of the firearms from the point of being purchased by [Goins] and the time of arrest," he fails to argue what evidence such an investigation would have uncovered and how it would have resulted in a different trial outcome. Likewise, Goins's argument that his trial counsel failed to ask for any <u>Jencks</u> material from government witnesses is also without merit, given that Goins fails to describe the material specifically, or indicate how the presentation of the information would have changed the trial outcome. "Mere conclusory allegations" cannot support a claim of ineffective assistance of counsel. <u>Green v. Johnson</u>, 160 F.3d 1029, 1043 (5th Cir. 1998). Consequently, these claims are without merit.

### b. Presentation of witnesses

With respect to Goins's contention that his trial counsel failed to produce defense witnesses who would have testified that the guns found in his possession were for protection rather than drug-trafficking purposes, the undersigned concludes that this claim is also without merit.

Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. <u>Lockhart v. McCotter</u>, 782 F.2d 1275, 1282 (5th Cir. 1986), citing <u>Murray</u>, 736 F.2d at 282. Where the only

evidence of a missing witness' testimony is from the defendant, the Fifth Circuit views claims of ineffective assistance with great caution. Lockhart, 782 F.2d at 1282, citing Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir.1985). See also Jackson v. McKaskle, 729 F.2d 356, 359 (5th Cir. 1984); Buckelew v. United States, 575 F.2d 515, 521 (5th Cir.1978).

In fact, the record shows that Goins's trial counsel called as a witness the defendant's girlfriend, Michelle Peltier, and that Ms. Peltier testified that Goins bought the guns in question after her house was burglarized. She also testified that once she had burglar bars placed on the house, the guns were removed from the house. (Trial Tr. 289-90, 297, 314). Furthermore, Goins himself testified that he purchased the guns for protection. (Trial Tr. 331-33, 350-51). Therefore, evidence was presented that the guns in question were purchased for protection rather than drug-trafficking purposes. Goins fails to identify any additional witnesses who would have also testified that the guns were purchased for protection. Given that the guns in question were found in close proximity to the drugs found in the house, and that the jury could have found that the guns were acquired in connection with a drug-trafficking scheme, the undersigned concludes that additional testimony that the guns were purchased for protection would not have changed the outcome of the trial. Consequently, this claim is without merit.

### 3. Cross-examination of government witness

Goins contends that his trial attorney failed to question Robert Guillory about any immunity agreement he had with the government and failed to question Guillory about whether Goins had a firearm during any of the drug transactions in question.[17]

---

[17] Robert Guillory, Goins's first cousin, purchased crack cocaine from Goins at the request of an undercover operative. Following this purchase, which was videotaped, Goins was arrested and subsequently indicted.

The record shows that counsel did, indeed, question Guillory at length about his agreement with the government. (Tr. 171-77, 180-82). Therefore, this claim is without merit. With respect to Goins's claim that his attorney should have asked Guillory whether Goins carried a firearm during the drug transaction in question, the undersigned concludes that the failure to ask such a question was not deficient performance.

It is well-settled that "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." United States v. Holmes, 406 F.3d 337, 360 n.36 (5th Cir. 2005), citing Cotton v. Cockrell, 343 F.3d 746, 752-53 (5th Cir. 2003). See also United States v. Jones, 287 F.3d 325, 331 (5th Cir. 2002); Garland v. Maggio, 717 F.2d 199, 206 (5th Cir.1983). Specifically, decisions about "whether to engage in cross-examination, and if so to what extent and in what manner, are . . . strategic in nature" and generally will not support an ineffective assistance claim. Dunham v. Travis, 313 F.3d 724, 732 (2nd Cir. 2002), citing United States v. Nersesian, 824 F.2d 1294, 1321 (2nd Cir. 1987). See also United States v. Miller, 799 F.2d 985, 991 (5th Cir. 1986) (court rejected complaint about cross-examination by trial counsel, noting that defendant had failed to make a sufficient showing that he was prejudiced by counsel's cross-examination).

Review of the record shows that trial counsel conducted a very lengthy and comprehensive cross-examination of Guillory. (Tr. 147-88). That counsel did not ask Guillory specifically about whether Goins had a firearm during the drug transactions in question is of no moment. As the government points out in its brief, Count Seven of the indictment charges Goins with possession of a firearm in furtherance of a drug-trafficking crime, and references

both the conspiracy counts (Count 1 and 2) and the two substantive counts (Count 3 and 5). Therefore, it is immaterial whether Goins carried a firearm during the drug transactions with Guillory, because there was evidence at trial that he possessed a firearm in connection with the conspiracy. Consequently, this claim is without merit.

### 4. Plea discussions

Goins contends that his attorney failed to advise him that his sentence on the firearm count would run consecutively to the sentences on the other counts if he was found guilty by a jury, and that he would have pleaded guilty if he had been aware of that exposure.

As the government points out, Goins's allegations concerning his plea discussions with his attorney are inconsistent. Goins alleges that he told his attorney he would plead guilty only if his exposure was two years. Yet he also contends that he would not have pleaded guilty if he had known that the sentence for the firearm conviction would run consecutively to the other sentences.

In the context of a not guilty plea, an attorney's failure to properly inform his client about his sentencing exposure may constitute ineffective assistance. United States v. Ridgeway, 321 F.3d 512, 514 (5th Cir. 2003). In Teague v. Scott, 60 F.3d 1167, 1171 (5th Cir.1995), the court held that, in the §2254 context, "[f]ailing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by Strickland." See also Beckham v. Wainwright, 639 F.2d 262, 267 (5th Cir.1981) ("It is ... essential that [an] attorney advise a defendant of possible consequences where ... the defendant withdraws a negotiated guilty plea ... and instead stands trial[.]"); United States v. Gordon, 156 F.3d 376, 380 (2nd Cir.1998) ("By grossly underestimating [the defendant's] sentencing

exposure ..., [counsel] breached his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable.") (internal quotation marks omitted).

The government contends that there is no evidence in the record that trial counsel did not properly advise Goins that he faced consecutive sentences if convicted. Although an affidavit to this effect would further support the position of the government, it is not necessary to resolve the factual issue regarding whether or not Goins was properly advised of his sentencing exposure because it is clear that Goins cannot meet the prejudice prong of the Strickland test. It is well-settled in the Fifth Circuit that "[i]f it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, ... that course should be followed." Ridgeway, 321 F.3d at 514-15 ("[e]ven if Ridgeway could demonstrate that his counsel was ineffective, and thereby satisfy the first prong of *Strickland*, he could not satisfy the second prong."), citing Lott v. Hargett, 80 F.3d 161, 167 (5th Cir.1996) (quoting *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052); United States v. Stewart, 207 F.3d 750, 751 (5th Cir.2000) ("A court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one."); Amos v. Scott, 61 F.3d 333, 348 (5th Cir.1995) (same).

In order to demonstrate that he was prejudiced by his counsel's allegedly deficient performance, Goins must demonstrate a reasonable probability that, but for his counsel's actions, he would have received a "significantly less harsh" sentence. Ridgeway, 321 F.3d at 514-15, citing Daniel v. Cockrell, 283 F.3d 697, 706 (5th Cir.2002). In the instant case, according to the Presentence Investigation Report prepared in connection with Goins's sentencing, the Sentencing Guidelines range of imprisonment on Counts 1, 2, 3, and 4 is 63 to

78 months, while Count 5 calls for a mandatory minimum sentence of 60 months. The Sentencing Guidelines further require that the sentence on Count 5 run consecutively to the sentences on Counts 1, 2, 3, and 4. Thus, the minimum exposure for Goins on all counts was 123 months, which was the sentence that was imposed by the court. Therefore, even if he had pled guilty, Goins would have faced at least 123 months in prison (the mandatory minimum for his crimes). Consequently, this claim is without merit.

### *Conclusion*

For the foregoing reasons, undersigned **RECOMMENDS** that Goins's §2255 motion be **DENIED AND DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

conclusions accepted by the District Court, except upon grounds of plain error.  See

Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on March ____, 2006.

                                      Mildred E. Methvin
                                      United States Magistrate Judge
                                      800 Lafayette St., Suite 3500
                                      Lafayette, Louisiana 70501
                                      (337) 593-5140 (phone) 593-5155 (fax)

COPY SENT
DATE 3-31-06
BY OO
TO MDM
RFD/MS